ON PETITION FOR REHEARING
McCORD, Judge.
We have considered appellants’ petition for rehearing and adhere to our previous opinion. We will comment, however, upon the following assertion contained in the petition:
“By its ruling this coiurt abandons the 1700 customers of the utility system of Southern Gulf, in spite of the pleas of the Public Service Commission in their behalf, to the most arbitrary and confiscatory actions of the City of Ormond Beach which now charges more for raw water than any other seller in the State of Florida. For this reason alone the case should be reversed for further proceedings and the exercise of continuing protective jurisdiction • of the circuit court over the activities of the City of Ormond Beach, as requested by the Public Service Commission.
We will simply mention that at oral argument counsel for appellants, in response to a question from the court, agreed that the City of Ormond Beach could change its ordinance at any time and thereby change the rate it charges appellants for water (but our ruling in this case is based upon its present ordinance). The problem here results from a hiatus in the law whereby appellants are subject to the jurisdiction of the Florida Public Service Commission as to their rates and charges to their customers, while the City of Ormond Beach is not subject to the regulatory jurisdiction of said Commission as to the rates it charges to appellants. While it might be desirable from the standpoint of appellants and appellants’ water customers that the City also be subject to the regulatory jurisdiction of said Commission, the Legislature has not seen fit to vest such jurisdiction in the Commission. The circuit court has no jurisdiction to fill this regulatory vacuum and proceed to “the exercise of continuing protective jurisdiction over the activities of the City of Ormond Beach, as requested by the Public Service Commission.”
The petition for rehearing is denied.
BOYER, Acting C. J., and DREW, E. HARRIS, (Retired) Associate Judge, concur.